Samuel W. Thompson, Trustee, etc., *v.* John Jones, etc.

**Vendor and Purchaser—Pleading—Title of Vendor.**

　　In an action to coerce the payment of the purchase price of land, the plaintiff was held to have failed to allege and prove that he had title to the land which he conveyed to the defendant.

### APPEAL FROM SCOTT CIRCUIT COURT.

June 6, 1873.

Opinion by Judge Peters:

On the 1st of February, 1865, Samuel Berrosford instituted a suit in the court below against John Jones and Samuel W. Thompson to coerce the payment of a balance of the price of a tract of land sold by said Berrosford to Jones, situate in Scott County, by the enforcement of an alleged lien on the land for amount claimed.

About the same time said John Jones instituted a suit in said court against said Samuel W. Thompson to coerce the payment of various installments of purchase money due him by Thompson, for the same tract of land as may be inferred from the allegations of Berrosford in his petition against Jones.

The two suits were consolidated and heard together, and judgment having been rendered in favor of the plaintiffs in each case, subjecting the land to sale to satisfy their demands, Thompson has appealed.

It is to be observed that Berrosford wholly failed to allege that he has title to the land which he alleges he sold to Jones, and exhibits no title whatever to himself.

Jones, in an amended petition against Thompson, alleges that he and his father, Peter Jones, under whom he claims (he having purchased the entire interest of the other heirs), as he says have been in the peaceable adverse possession of the land continuously for more than 41 years, and that having a perfect legal title he is able and willing to convey the same. But he failed to state how many heirs his father left. Several deeds from persons of his name, and from married women bearing different names, are filed in the suits, but

there is no proof to identify those persons as the heirs of Peter Jones.

Besides, it appears from Berrosford's petition against Jones, etc., that he sold the land or a part of it to Jones; but how much or how he derived title to the same does not appear. The tract which Peter Jones purchased of Nelson's heirs composed only a little over one-third of the land sold by Jones to Thompson, to that portion Jones made out title by proof of long and continued possession; but for the residue of the tract he exhibited no derivation of title whatever.

And for whatever interest Berrosford may have had in the land the deed from him and wife is wholly insufficient. It was executed out of the state and appears to have been acknowledged before a notary public, which acknowledgment did not authorize the same to be recorded in this state. Sec. 17, Chapter 24, 1 T. S. 281.

Dorcas Jones, who was an heir of Peter Jones, deceased, sold by executory contract all her interest in the land to Robinson Jones, while she was a single woman, and her obligation for a conveyance of her interest is filed; but how John Jones became entitled to that interest is not shown. This lady afterwards married a man by the name of Welden and died leaving an only child, Peter Welden, who is an infant, and in order to perfect the title, steps should be taken to get the legal title from him which descended from his mother, and John Jones should manifest his right to that interest.

For these errors and irregularities the judgment, both as to Berrosford and Jones must be reversed and the cause remanded with directions to allow them further time to perfect the title to the lands, and for all the costs in perfecting the title they must be made responsible and they must pay the costs in this court. They should amend their pleadings and exhibit their derivation of title. This reversal does not necessarily set aside the sale made by the master under the judgment.

*Darnaby, for appellant.*

*Lindsey, for appellee.*